[Nos. 15411, 15528. In Bank.—April 24, 1894.]

FLORENCE BLYTHE ETC., RESPONDENT, v. ABBIE AYRES ET AL., DEFENDANTS. THE BLYTHE COMPANY, APPELLANT.

ESTATES OF DECEASED PERSONS—CONTEST OF HEIRSHIP—FINDINGS—GROUPS OF CLAIMANTS—APPEAL—"PARTY AGGRIEVED."—In a proceeding instituted by one claiming to be the daughter of a decedent for the contest of the heirship of his estate, under section 1664 of the Code of Civil Procedure, where numerous different groups of claimants appearing as defendants claim the right of heirship, their claims being mostly inconsistent with, and hostile to, each other; each group contending that the deceased was descended from parents different from those alleged by

either of the other groups, if the court finds that the plaintiff is the daughter and sole heir of the deceased, and also finds that one group of claimants were related to the deceased as alleged in their answer, and that none of the other claimants were in anywise related to or akin to the deceased, and these findings are not assailed and overcome by another group of claimants, who have appealed, none of them is a "party aggrieved" by the decision in favor of the daughter as sole heir of the deceased, and they cannot be prejudiced or aggrieved by any ruling made by the court in her favor, and have no standing as appellants from the decision and judgment in her favor.

ID.—CONFLICTING EVIDENCE—REVIEW UPON APPEAL—PATERNITY OF CHILD. Where there is conflicting evidence as to the paternity of the child found to be the sole heir of the decedent, the decision of the trial judge upon that question of fact will not be reviewed upon appeal.

ID.—INSTITUTION OF ILLEGITIMATE PERSON AS HEIR—CONSTRUCTION OF CODE—CASE AFFIRMED.—*Blythe* v. *Ayers*, 96 Cal. 532, affirmed as to the construction of section 1387 of the Civil Code, and as to the facts required to constitute an illegitimate child the heir of the decedent under that section.

ID.—COMPETENCY OF WITNESS TO ACKNOWLEDGMENT OF PATERNITY— LETTERS—IMMATERIAL OMISSION IN FINDINGS.—Where it appears that a witness to the writing of letters by the decedent acknowledging the paternity of the plaintiff as his child, was a witness in the case and an attorney of record for the plaintiff, and that he was of age at the time of the writing of the letters, and there is no intimation in the findings that he was not a competent witness, but he is found to have been a competent witness at an intermediate date, the failure of the court specifically to find that he was a competent witness at the time when each of the letters was signed in his presence, to which he testified, is not ground for the reversal of a judgment in favor of the child, based upon section 1387 of the Civil Code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George W. Towle, Jr.*, and *D. M. Delmas*, for Appellant "The Blythe Company."

*S. W. & E. B. Holladay*, for Appellants Henry T. Blythe et al.

*Timothy J. Lyons*, and *J. C. Campbell*, for Appellants William and David Savage.

*William F. Herrin*, and *P. L. Benjamin*, for Appellant James Witt Pearce.

*Henry E. Highton,* and *E. D. Wheeler,* for Appellant Alice Edith Blythe.

*H. L. Gear,* and *George D. Gear,* for Appellants "The London Savages."

*W. H. H. Hart, T. I. Bergin, Garber, Boalt & Bishop, W. W. Foote,* and *Henry I. Kowalsky,* for Respondent.

*Estee & Miller, amicus curiæ,* for the State of California.

McFarland, J.—No. 15411 is an appeal by the Blythe Company, a corporation, from a judgment rendered in favor of the respondent, Florence Blythe; and No. 15528 is an appeal from an order denying a motion for a new trial in the same case. Both appeals are here considered and determined. A number of other appeals, taken by various other defendants, were argued and submitted at the time of the argument and submission of said appeals Nos. 15411 and 15528; and said other appeals will follow and be determined by the conclusions arrived at in this present opinion.

The proceeding upon which these appeals arose was instituted and prosecuted to judgment by the respondent, Florence Blythe, under the provisions of section 1664 of the Code of Civil Procedure, to establish her right to the estate of Thomas H. Blythe, deceased. Nearly two hundred defendants appeared claiming to be collateral kin of the said decedent, Thomas H. Blythe, and as said kin entitled to his estate. They were mostly associated in certain groups, as the "Williams" claimants; the "Jones" claimants; the "London Savage" claimants; the "Gypsy" claimants, etc. Their claims to heirship were mostly inconsistent with, and hostile to, each other; each group contending that the deceased, Thomas H. Blythe, was descended from parents different from those alleged by either of the other groups. The court found that the respondent, Florence Blythe, was the daughter and heir of the deceased. It

also found (finding XVIII) that the "Williams" claimants were related to the deceased as alleged in their answer; and (finding XX) "that none of the defendants herein, other than those named and enumerated in finding number XVIII was, nor is any of them, in anywise related to, or in any manner akin to, said Thomas H. Blythe, deceased." The Williams claimants appealed from the judgment, and brought up the evidence in a bill of exceptions; and their appeal has been heretofore disposed of by this court. (See *Blythe* v. *Ayres*, 96 Cal. 532.) The opinions there delivered make an extended statement of the case here unnecessary.

We do not deem it necessary to pass upon the contention of respondent that appellant's notice of appeal should have been served on all the parties to the proceeding. Neither is it necessary to pass upon the contention that, as appellant was allowed to appear in the Williams appeal, and did file an argument therein, it is bound by the decision on that appeal. But on these present appeals respondent contends that the appellant, the Blythe Company, who was substituted for the Jones claimants, is not a "party aggrieved," and, therefore, has no standing as an appellant, because it did not except to and does not attack the said findings XVIII and XX; and that the fact being established and unassailed, that none of the defendants except the Williams claimants are "in anywise related to, or in any manner akin to, said Thomas H. Blythe, deceased," the appellant is in no position to inquire about any errors which the trial court may have committed in arriving at the conclusion that respondent is the rightful heir, and entitled to the estate. Appellant's predecessors based their right to contest for the estate upon their certain alleged kinship to the deceased; but when it appears by an unchallenged finding that there is no such kinship, what, asks the respondent, does it matter to appellant where the estate goes, and how can it be prejudiced or aggrieved by any ruling made by the court in favor of

another claimant? We confess that we can see no successful answer to this contention.

Section 1664 was clearly intended to provide the means by which, where there are hostile claimants to an estate, *all* the conflicting rights thereto may be summarily and finally determined in *one proceeding.* (*In re Burton,* 93 Cal. 459, 461.) The first step in the proceeding is taken by a claimant filing a petition (not a complaint), " praying the court to ascertain and declare the rights of all persons to said estate, and all interests therein, and to whom distribution thereof should be made." Thereupon the court is to make an order that notice be served on all persons " *interested.* in said estate" to appear on a day named, in which notice shall be set forth, among other things, "the names of all who may have appeared claiming any interest in said estate in the course of the administration of the same up to the time of the making of said order, and such other persons as the court may direct; . . . . and requiring all persons named, or not named, having or claiming any interest in the estate of said decedent, . . . . to appear and exhibit, as hereinafter provided, *their respective claims* of heirship, ownership, or interest in said estate to said court"; and upon proof of service of the notice, "the court shall thereupon acquire jurisdiction to ascertain and determine the heirship, ownership, and interest of *all parties* in and to the property of said deceased, and such determination shall be final and conclusive in the administration of said estate, and the title and ownership of said property." All persons desiring to appear shall, within the time limited, "file their written appearance"; and, after the expiration of the time, the court shall enter an order adjudging the default of all persons not appearing. Within twenty days thereafter " *any* of such persons so appearing" may file his complaint, "setting forth the facts constituting his claim of heirship, ownership, or interest in said estate with such reasonable particularity *as the court may require*"; and it must be served on the other parties appearing.

"The party filing the petition as aforesaid, *if he file a complaint,* and if not, the party first filing the com-plaint, shall, in all subsequent proceedings, be treated as the plaintiff therein, and all other parties so appearing shall be treated as the defendants in said proceedings; and all such defendants shall set forth in their respective answers the facts constituting their claim of heirship, ownership, or interest in said estate with such particularity as the court may require, and serve a copy thereof on the plaintiff." It is further provided, in terms, that "the court shall determine the heirship to said deceased, the ownership of his estate, and the interest of *each respective claimant therein or thereto,* and persons entitled to distribution thereof, and the final determination of the court thereupon shall be final and conclusive in the distribution of said estate, and in regard to the title to all the property of the estate of said deceased." It is further provided that questions which have not been determined under the provisions of said section 1664 may be raised on final distribution; "but where such questions shall have been litigated under the provisions of this section, the determination thereof, as herein provided, shall be conclusive in the distribution of said estate."

It will be observed that while of the "parties appearing" the one who chooses to proceed first and file a complaint is for convenience to "be treated" as plaintiff, and the others as defendants, the provision as to what the pleading of each party—whether plaintiff or a defendant—is to contain is exactly the same. The plaintiff is to file a complaint "setting forth the facts constituting his claim of heirship, ownership, or interest in said estate, with such reasonable particularity as the court may require"; and the defendants "shall set forth in their respective answers the facts constituting their claim of heirship, ownership, or interest in said estate with such particularity as the court may require." It is clear, therefore, that the alleged right of each party, whether nominally a plaintiff or defendant, is as much

before the court for final adjudication as is the alleged right of either of the other parties; and it is the plain duty of the court to determine the alleged claim of each party to the proceeding. No party has a standing in the trial court unless he has averred "his claim of heirship," etc., and has set forth the facts constituting such claim; and he would not be there heard to contest the right of another claimant if he did not set up any right in himself. But the appellant occupies the same position in this court that it would have occupied in the court below if it had there undertaken to contest the right of respondent, or of any other claimant, without averring any right in itself. The predecessors of appellant acquired a *status* in the court below by averring a claim to the estate founded upon a certain alleged kinship to the deceased; but the court having found that there was no such kinship, and that finding not being controverted, the appellant has no *status* here. Having no "claim of heirship, ownership, or interest in the said estate," the appellant is not a "party aggrieved," within the meaning of sections 657 and 938 of the Code of Civil Procedure, and is not prejudiced by any ruling or judgment made or rendered touching the rights of respondent or of any other claimant.

The foregoing views are determinative of these two appeals against the appellant; but as it is claimed in one or two of the other appeals which are to be determined by this opinion that sufficient exceptions were there taken to said findings XVIII and XX, we will notice some of the other's points argued by counsel for the various appellants.

Very powerful arguments are made to the point that the evidence is insufficient to warrant the finding that respondent is the child of the decedent. These arguments were, no doubt, presented in all their force by the very able counsel to the learned judge of the trial court. The question here, now, is not whether the judge of that court weighed the evidence with absolute accuracy, and arrived at the only conclusion justly pos-

sible—the same conclusion to which any other judge or jury would have been forced to come.  The question is, was there such a manifest conflict of material evidence on the point as threw the determination of the fact, under the established rule, entirely within the province of the trial judge?  It is needless to cite here the numerous decisions of this court to the point that we cannot disturb a finding of fact by a jury or trial judge which is the result of the consideration of evidence that is really and materially conflicting.  Of course, we have in a few instances set aside a finding when in our judgment the apparent conflict of evidence was not substantial; but in *Field* v. *Shorb*, 99 Cal. 666, where we went as far in that direction as, perhaps, in any other case, we said that a finding should not be disturbed, whatever we might think of the preponderance of the evidence, " where there is presented a fair, reasonable ground for a difference of opinion, and where a conclusion either way could not be considered as the necessary result of an unsound judgment."  The point now under discussion comes within that rule.  It cannot be fairly said that there was no substantial evidence upon which to rest the conclusion of the court below.  We do not propose here to notice the evidence in detail.  It is sufficient for the purpose in view to say that the mother of respondent testified positively that respondent is the child of the decedent, and testified to facts which, if true, show that she could not have been mistaken as to such paternity; and that the decedent, who had several months opportunity to observe her surroundings and conduct, after his first sexual relations with her, was satisfied that respondent was his child.  Counsel for appellants marshal a mass of circumstances from which they argue, no doubt with a great deal of force, the improbability of the story of respondent's mother; but, after all, the argument is merely the array of improbabilities, not conclusive, against the direct statements of a living witness who could not be mistaken as to the main facts to which she testified.  Whether or not, un-

der the circumstances, her statements should be believed
was just such a question as the law leaves with the trial
judge.    With him was the power, and upon him rests
the responsibility.

The foregoing views also apply to the contention that
there is not sufficient evidence that certain letters of the
decedent were written and signed in the presence of the
witness W. H. H. Hart.    Hart testified to the fact; and
it would be going beyond all precedent for us to hold
here that he should not have been believed by the trial
judge.    It is to be observed, also, that the motions for
new trials now pending here on appeal were denied in
the lower court, long after the decision of this court in
*Blythe* v. *Ayres*, 96 Cal. 532, had been rendered, which
placed respondent's right upon section 1387, and was
dependent, of course, upon the finding of the lower court
on that point based on the testimony of said Hart.

With respect to the two main propositions of law in
the case, to wit: 1. Was respondent adopted by the de-
cedent under section 230 of the Civil Code?  and 2. Did
decedent constitute her his heir under section 1387 of
said code? we do not desire to add any thing to what
was said in the opinions delivered in *Blythe* v. *Ayres*,
96 Cal. 532.    Those questions were as elaborately argued
in that case as in the present appeals, and were there
most carefully considered by the court.    Nothing has
occurred since to shake our confidence in the correct-
ness of the decision in that case.    We need not con-
sider the elaborate arguments of counsel to the point
that the complaint does not state facts sufficient to show
an adoption of respondent under section 230.    As to that
question, the justices of the court were divided in opin-
ion at the time of the decision of *Blythe* v. *Ayres*, 96
Cal. 532; and there is still a division of opinion upon
that subject.    Indeed, it is doubtful whether, under the
peculiar language of section 1664, strict rules of plead-
ing apply to the proceeding instituted by that section.
But all the justices qualified to act in the case agree, as
all the justices acting in *Blythe* v. *Ayres*, 96 Cal. 532,

then agreed, that respondent is the heir of the decedent under section 1387. The only new point made as to respondent's heirship under section 1387 is that the court did not specifically find that at the precise times when the decedent read and signed the letters acknowledging himself to be the father of respondent in the presence of W. H. H. Hart, the said Hart was a "competent witness." The letters were written in Hart's presence on June 15, 1881, October 21, 1881, May 16, 1882, and April 3, 1883; and the court did find specifically that intermediate those times, viz., on February 25, 1883, said Hart was a competent witness. The said W. H. H. Hart is mentioned a great many times in the record. He was a witness in the case, and an attorney of record. In each of the findings about the writing of the letters in his presence the court finds that "said W. H. H. Hart . . . . was not by said Blythe called upon to witness the writing of the same, and said Hart did not attest the same as a subscribing witness thereto"; but there is no intimation that he was not a competent witness. It is hardly possible to imagine a court gravely making such a finding if Hart had not been considered a sane human being, over ten years of age. If we were to order any further finding on the subject it is evident that the finding would have to be the same as the one relating to the date of February 25, 1883—in favor of his competency. Indeed, we see no substantial merit in the point.

There is also submitted with the others an appeal of Alice Edith from the judgment; but that appeal presents no new points.

There was also a brief filed, by leave of court, on behalf of the state, claiming an escheat of the Blythe estate. But if the state could be heard at all on this appeal, to which it is not a party, its contention is covered by the foregoing views.

There are no other points presented in the briefs and arguments which call for special attention.

In the appeal No. 15411 the judgment is affirmed;

and in the appeal No. 15528 the order denying a motion for a new trial is affirmed.

Paterson, J., Garoutte, J., Fitzgerald, J., and De Haven, J., concurred.

Beatty, C. J., and Harrison, J., being disqualified took no part in the foregoing decision.