[S. F. No. 119. In Bank.—November 30, 1895.]

IN THE MATTER OF THE ESTATE OF THOMAS H. BLYTHE, DECEASED. FLORENCE BLYTHE, PLAINTIFF, *v.* ABBIE AYRES ET AL., DEFENDANTS. HENRY T. BLYTHE ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS—PROCEEDING TO DETERMINE HEIRSHIP—ENTRY OF FINAL DECREE.—The final order or decree, in a proceeding under section 1664 of the Code of Civil Procedure to determine heirship, is properly entered when spread at length upon the minute-book of the court in probate. It is not necessary that it should be entered in a judgment-book.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to dismiss a proceeding to determine heirship. J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*S. W. & E. B. Holladay,* for Appellants H. T. Blythe *et al.*

*W. H. H. Hart,* and *Garber, Boalt & Bishop,* for Respondent.

HENSHAW, J.—Appellant, Henry T. Blythe, and others moved the court sitting in the matter of said estate to dismiss the above-entitled proceeding, upon the ground that the party entitled to judgment therein had neglected to demand and have the same entered for more than six months. (Code Civ. Proc., sec. 581, subd. 6.) His motion being denied this appeal is taken.

The facts are that in the proceeding had under section 1664 of the Code of Civil Procedure, in the matter of said estate, the order or decree of the court determining heirship and rights to property was, upon October 22, 1890, spread at length upon the probate minute-book as required by section 1704 of the Code of Civil Procedure.

Appellant prosecuted his appeal from this decree, basing it, as appears from the transcript therein filed, upon the entry thereof made in the minute-book. That appeal having been decided adversely to his contention, he makes this motion to dismiss all proceedings taken under said section 1664 for the neglect of respondent, but lately discovered, in failing to have the decree or judgment from which he appealed entered in the proper book.

To support the contention the claim is made that the proceeding under section 1664 of the Code of Civil Procedure is a civil action; that the final determination of a civil action is a judgment; that a judgment must be entered in a judgment-book (Code Civ. Proc., sec. 668); that this judgment admittedly was not so entered; and that the penalty for the omission should be a dismissal.

But the proceeding under section 1664 of the Code of Civil Procedure, while partaking in form of the nature of a civil action, is not a civil action, and the final deter- mination, while having features in common with a judgment, is not a judgment in a civil action. It is un- necessary to discuss the nature and scope of this pro- ceeding, for that has already been elaborately done in this estate in *Blythe* v. *Ayres*, 102 Cal. 254, 258, as well as in the case of *In re Burton*, 93 Cal. 463, where it is said: "The proceeding permitted by section 1664 of the Code of Civil Procedure. is a special proceeding (*Smith* v. *Westerfield*, 88 Cal. 374), and is embraced within the scope of 'matter in probate' as clearly as is the pro- ceeding for the sale of real property to pay debts of an estate."

Moreover, the very contention raised upon this appeal has twice before been presented in motions made by parties to the original proceeding, and both times de- cided against the contention. In *Blythe* v. *Ayres*, No. 15479, the record showed the entry of the decree ap- pealed from in the probate minute-book, and a motion was made to recall the *remittitur* as having been im- providently issued upon the ground that the record dis- closed that no entry of the judgment appealed from had been made, the point being that the entry should have been in the judgment-book. And in *Blythe* v. *Ayres*, No. 15788, the motion was made after suggestion of a diminution of the record, for that it did not disclose an entry of the judgment, and the entry shown to have been made in the minute-book was not sufficient. In denying these motions, since consent could not confer jurisdiction, it was of necessity held that the final de- cree, when spread at length upon the minute book of the court in probate, was properly entered.

The order appealed from is affirmed.

McFARLAND, J., VAN FLEET, J., GAROUTTE, J., and TEMPLE, J., concurred.