[Sac. No. 998. Department One.—October 31, 1903.]

In the Matter of the Estate of GEORGE M. KASSON, Deceased. GEORGE W. LINDY, Respondent, v. MARTHA E. McCHESNEY et al., Respondents, and MARY E. MANN, Appellant.

PROCEEDING TO DETERMINE HEIRSHIP—SECOND TRIAL—CONTINUANCE—DISCRETION.—Upon the second trial of a proceeding to determine heirship, where the cause was long pending, and a previous continuance had been granted to the appellant for several months, and he had had ample opportunity to prepare for trial, and the cause was set for trial, without objection, by a jury demanded by the appellant, a motion for continuance by him thereafter was addressed to the discretion of the court, and it was not an abuse of discretion to refuse it and to proceed to a trial of the proceeding.

ID.—DISQUALIFICATION OF JUDGE—BIAS AND PREJUDICE—CONFLICTING AFFIDAVITS—MOTION PROPERLY DENIED.—Where the disqualification of the judge to try the proceeding was objected to by the appellant for alleged bias and prejudice, but upon the showing made by the affidavits and counter-affidavits it did not appear that the judge could not fairly and impartially try the cause, the motion to disqualify him for bias and prejudice was properly denied.

ID.—NATURE OF PROCEEDING—EACH PARTY AN ACTOR AS AGAINST ADVERSE PARTIES—FAILURE TO APPEAR AT TRIAL—NONSUIT.—In a proceeding to determine heirship each party is an independent actor and is a plaintiff, as against all other parties whose claims are adverse, though styled a defendant; and where the appellant who claimed the entire estate as against the other parties to the proceeding failed to appear at trial, after refusal of her motion for

CXLI. Cal.—3

continuance, and offered no evidence in support of her claim, a nonsuit was properly granted against her, and her claim was properly eliminated from the trial.

ID.—ERROR NOT EXCEPTED TO.—If there were any error in granting the nonsuit, it would be error occurring at the trial, which could not be considered upon appeal where no exception was taken thereto at the time.

ID.—MOTION FOR NEW TRIAL—DISQUALIFICATION OF JUDGE AS ATTORNEY —AFFIDAVITS FILED TOO LATE—COUNTER-SHOWING.—Where the disqualification of the judge to hear the appellant's motion for a new trial was objected to, on the additional ground that he had acted as an attorney for a special administrator in the matter of the estate, but the affidavits in support thereof were filed too late to be considered, and it appeared by counter-affidavits that the judge was not disqualified as alleged, the motion to disqualify him was properly refused.

APPEAL from an order of the Superior Court of San Joaquin County denying a new trial.    Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

Woods & Levinsky, and James H. Budd, for Appellant.

John A. Percy, and Budd & Thompson, for Martha E. McChesney et al., Respondents.

VAN DYKE, J.—The action in which this appeal is taken is a proceeding to determine heirship under the provisions of section 1664 of the Code of Civil Procedure, in the estate of George M. Kasson, deceased.    Said Kasson died September 23, 1895, leaving a will, which was duly admitted to probate November 1, 1895, in the superior court of San Joaquin County.

The proceeding to determine heirship was instituted January 15, 1897, by George W. Lindy, who is styled plaintiff. In his petition, or complaint, it was set forth and claimed that he was the only child and heir at law of said George M. Kasson; that having been omitted from the will he was entitled to the whole of said estate.    The respondents here are legatees and devisees under the will of said Kasson, and appeared in due time, denying the claim of said Lindy, and

set forth their claim to the whole of said estate under said
will. Appellant here was the last to appear and file her claim
in said proceedings. She denied the claims of all the other
parties, and alleged that she was, and is, the only child and
sole heir at law of said deceased, and that being also omitted
from the will, she is entitled to the whole of said estate.

Said action or proceeding thereafter came on for trial,
and on April 28, 1898, judgment was entered decreeing that
neither Lindy nor the appellant were entitled to any part
of said estate, and that the respondents were entitled to the
whole thereof by virtue of the terms of the will. On appeal,
by the appellant herein from this judgment a new trial was
granted by this court in January, 1900, mainly on the ground
of error committed by the trial court in refusing to allow
the appellant the right of cross-examination of certain of
the witnesses on the part of the respondents. (*Estate of
Kasson*, 127 Cal. 496.)

The matter was thereafter regularly set down to be again
tried on May 28, 1900, and upon motion of counsel for ap-
pellant the date of the trial was afterwards postponed; and
on the calling of the regular trial calendar of the court below,
in October, 1900, the cause was set down to be tried before a
jury on the 13th of December, 1900. On December 3, 1900,
counsel for appellant moved the court for a postponement
of the trial, which motion was denied on December 5, 1900.
On December 10th—being three days before the cause had
been set down for trial by a jury—counsel for appellant ap-
peared and alleged the disqualification of the judge, before
whom the cause was then pending, to try the same, upon the
ground of prejudice and bias. The other judge of the supe-
rior court of said county, at that time Honorable Joseph H.
Budd, was disqualified, being the father of one of the attor-
neys in said cause. On December 13, 1900, the cause was
regularly called for trial, and a jury was in attendance, and
respondents, being in attendance and ready for trial, de-
manded that the trial should proceed. The appellant was
not present, nor were her counsel, but R. E. Beardslee, Esq.,
representing appellant's counsel, appeared and presented a
motion for a continuance of the trial, which motion was de-
nied, and thereupon Mr. Beardslee stated that he had nothing

further to do with the·case, and left the courtroom. The jury was dismissed, pursuant to a rule of the court, because no one was present to deposit the jury fee. The appellant not appearing, the court below caused her default to be entered for failure to prosecute or defend her rights at the trial, and thereupon the court also entered a nonsuit against her, and proceeded to hear the evidence of the respondents in support of their claim, and thereafter entered judgment in their favor and against the appellant. The appellant thereafter moved for a new trial, which motion was denied, and this appeal is taken from the order denying said motion. Appellant also attempted to appeal from the judgment and from the order granting a nonsuit against her, and from the order entering her default as aforesaid. This court, in December, 1901, on motion of the respondents, dismissed the appeals taken in said cause from the orders granting a nonsuit against her, and also granting a default, and from the judgment given and entered therein in favor of the other defendants and against her, but denied the motion to dismiss the appeal from the order denying a new trial. (*Estate of Kasson*, 135 Cal. 1.)

The only appeal, therefore, now before the court to be considered is that from the order denying appellant's motion for a new trial.

One of the main contentions of appellant on this appeal is, that the refusal of the trial court to grant her motion for a continuance or postponement of the trial was such an abuse of discretion as to amount to error. In the bill of exceptions prepared by appellant on motion for a new trial it is recited: "That on October 1, 1900, at the calling of the calendar for the purpose of setting cases for trial, the above-entitled action and proceeding was, without objection by any one, set for trial before Edward I. Jones, one of the judges of said court, on December 13, 1900, attorneys in said cause being present, including L. Levinsky, of Woods & Levinsky, attorneys for defendant and claimant Mary E. Mann, who then and there demanded a trial with a jury. At a former trial of said action and proceeding by a judgment duly had, given, and entered, it was adjudged that George W. Lindy, plaintiff therein, is not the son or heir of said

George M. Kasson, deceased, and is not entitled to any part of the estate of said deceased, and such judgment as against said Lindy had become final long before the said time of calling such calendar on October 1, 1900, as aforestated; and presumably, therefore, because of the finality of such judgment the said Lindy did not appear in person, by attorney, or otherwise, at the said calling of said calendar, or at any time after such judgment became, as aforesaid, final.'' The principal ground on which the motion for continuance was based, according to the affidavit of said appellant's attorney, Levinsky, was, that his partner, S. D. Woods, had departed from the state of California for the purpose of attending to his duties as Congressman in the second district of California, and would be absent for several months. But in another affidavit filed in said cause by said attorney, he says: ''That affiant has had full charge and control of all litigation on behalf of said defendant and claimant, Mary E. Mann, in the above-entitled action, matter, and proceeding, at all times since the firm of Woods & Levinsky became associated and connected therewith.'' In view of the fact that this was the second trial, and that the case had been long pending, giving the appellant ample opportunity to be ready for the trial, and the statement in the bill of exceptions that the setting of the trial was without opposition by her attorney, but by consent, and that a jury had been summoned at her request, we think it was not an abuse of discretion on the part of the judge to deny the motion and proceed to the trial of the cause.

Another of the contentions on the part of appellant is, that the trial judge was disqualified by reason of prejudice and bias, and upon the application of appellant should have called in another judge to try the case. In the affidavit in support of this demand, the attorney in charge of the case on behalf of the appellant says: ''The said Edward I. Jones took said motion for continuance under advisement until Wednesday, the fifth day of December, 1900, at which time he stated: 'I, this morning, have read this affidavit and I feel that it will be error to grant a continuance thereon.' And affiant cannot understand why said judge should appear anxious to try this case on the 13th of December, 1900, when

no harm can befall the defendants, or either of them, by a continuance thereof until some time in January, 1901; and that on the former trial said judge, Edward I. Jones, remarked from the bench: 'It may seem strange, but, nevertheless, it is a fact that until this morning I have not had any opinion in this case, but now that the case is submitted to me I will decide it. There is no question in my mind that neither George W. Lindy, the plaintiff, nor the claimant, Mary E. Mann, have any right in this case. I shall find that George W. Lindy is not and never was a son of George M. Kasson, and shall find that the claimant, Mary E. Mann, never was the daughter of George M. Kasson. And permit me to say further that I am strongly opposed to cases of this kind. I am opposed to cases where a man who has lived in a community for many years dies and then some one appears and claims to be a child. This state has had too much of this kind of business, and it is time it was stopped. It is very easy to get counsel to represent parties who claim to be interested in an estate, and this court is opposed to it.' '' But he also says: ''That affiant and the claimant, Mary E. Mann, desires it expressly understood that in and by this affidavit no charge is made or attempted to be made against the integrity of the aforesaid Honorable Edward I. Jones, and this affidavit is made for the purpose of showing that by the conduct and statements made by the said Honorable Edward I. Jones, that he is biased and prejudiced in this case, and by reason thereof has become and is disqualified to sit in the hearing of or at the trial of this action, matter, and proceeding.''

John E. Budd, attorney for respondents, was sworn, and testified in reply to said affidavit, and among other things said: ''That at no time prior to December 10th, 1900, which is three days before the date set for the trial of this action, did counsel for claimant, Mary E. Mann, make or file any objection to the Honorable Edward I. Jones sitting as judge on the trial of this case, or in any of the proceedings taken therein on any ground whatever.'' The affidavit of Budd also denies that on the former trial Judge Jones made any of the statements above set forth. In this connection it may be proper to state that on December 13, 1900, substantially

the same showing was made before this court by said attorney
Levinsky, on behalf of the appellant herein, in an appli-
cation for a writ of prohibition restraining the said Honorable
Edward I. Jones, judge of said superior court of San Joaquin
County, from proceeding to the trial of the above-entitled
action on the ground that said judge was disqualified, which
said application was by this court denied. From the showing
made by the affidavits and counter-affidavits it does not ap-
pear that the Honorable Edward I. Jones could not fairly
and impartially try the cause on account of bias or prejudice,
and the motion to disqualify him was therefore properly de-
nied.

On the day fixed as aforesaid for the trial of the action,
December 13, 1900, defendants and respondents, with their
attorneys, appeared, but the attorneys of said Mary E. Mann
failed to appear, and Robert L. Beardslee, an attorney at law,
appeared in their behalf, and a jury being regularly drawn
to try the cause was present in court. Thereupon Mr Beards-
lee said: "At this time, on behalf of Mary E. Mann, one of
the defendants and claimants, and representing Woods &
Levinsky, I move the court that the trial of this case be post-
poned to the regular term in January," and submitted affi-
davits in support of his motion, which was opposed by the
defendants and respondents. The affidavit, in support of the
motion for continuance, was based upon the grounds substan-
tially as in the motion for continuance made on the 3d of
December, which motion the court denied. What was said
in reference to the motion of December 3d, is applicable here,
and it was not an abuse of discretion in denying the motion.
Dilatory motions are not favored in law. A motion for con-
tinuance is addressed to the discretion of the court, and,
as said in *Barnes* v. *Barnes*, 95 Cal. 177, the action of the
court thereon "will not be revised except for the most cogent
reasons. The court below is apprised of all the circumstances
in the case, and the previous proceedings, and is therefore
better able to decide upon the propriety of granting the
application than the appellate court, and when it exercises
a reasonable and not an arbitrary discretion its action will
not be disturbed." After the court denied this last motion
for a continuance, Mr. Beardslee, who had appeared for the

regular attorneys of Mary E. Mann, stated that he had nothing further to do with the case, and thereupon, no one being present representing the said appellant, the court granted a nonsuit as to her, and this appellant claims to be error, because she was not the plaintiff in the action. . It is true that the appellant was, in the title of the pleadings, styled a "defendant," but this fact does not fix her *status* in the proceeding. In a case like this, every party is an independent actor, and is a plaintiff as against all other parties whose claims are adverse. (*Estate of Kasson*, 127 Cal. 505.) Section 1664 of the Code of Civil Procedure, under which the proceeding was had, provides that when the pleadings of all the parties are in, the subsequent proceedings shall be the same as in an ordinary civil action, and that the provisions of said code regulating the mode of procedure for the trial of civil actions are applicable to this proceeding. The section in question also provides that the court shall enter a default against all parties failing to "prosecute or defend their rights," as well as those who fail to appear or plead. Under the order of trial established by the court in this case, the appellant should have introduced her testimony first, she being, as against the parties claiming under the will, the plaintiff in the case, and it was the duty of the court to determine the heirship of said deceased, the ownership of the estate, and the interest of each of the respective claimants thereto or therein. (*Blythe* v. *Ayres*, 102 Cal. 259.) Appellant failing to introduce any proof in support of her claim, it is proper to enter a nonsuit as against her, and eliminate that claim from the trial. Thereupon the other claimants proceeded to prove that they were entitled to distribution of the estate. If this were error at all (which we do not admit), it would be one occurring at the trial, and it was not excepted to at the time. No exception was entered against the nonsuit or default until the bill of exceptions was prepared.

On the hearing of the motion for a new trial, on April 6, 1901, the appellant, through her attorneys, moved to disqualify the judge from hearing said motion. In the affidavit in support of this last motion, the only additional ground why the said judge should not act in the case was, that he had been the attorney for Clark.McChesney, as special administra-

tor of the estate of said Kasson. McChesney filed an affidavit that he never was so employed nor had acted as his attorney in any action or proceeding. And the judge, asking permission so to do, stated that he was never employed nor acted as attorney in the case, nor had any interest in it as attorney for McChesney, nor had been consulted by him in any manner. The judge was therefore not disqualified under the statute, not having been attorney or counsel for the party in the action or proceeding. (Code Civ. Proc., sec. 170.) But, as respondent suggests, the affidavits under consideration were not served within the time prescribed by the code, and should not be considered. The notice of intention to move for a new trial was filed December 24, 1900. The affidavits therefore were not filed within the time prescribed by the code,—to wit, within ten days after said notice. (Code Civ. Proc., sec. 659, subd. 1.)

The order appealed from is affirmed.

Shaw, J., and Angellotti, J., concurred.