[S. F. No. 7838.   In Bank.—September 27, 1916.]

In the Matter of the Estate of JULIUS FRIEDMAN, Deceased.   HEBREW HOME FOR THE AGED DISABLED, Respondent, v. LIEBE FRIEDMAN et al., Appellants.

ESTATES OF DECEASED PERSONS—PROCEEDING TO DETERMINE HEIRSHIP—CLAIMANTS EACH ACTORS.—In a proceeding under section 1664 of the Code of Civil Procedure to determine the heirship and succession to the estate of a decedent, each person filing a complaint or answer in the proceeding and setting up title to the whole estate by a distinct line of heirship is an actor for himself and against all other persons who also claim the entire estate.  His claim is antagonistic to that of all the others, and the claim of each of the others is antagonistic to him.  With respect to every other claimant so alleging an interest, the case stands precisely the same as if the contest was between him and that person alone.

ID. — JUDGMENT FOR PARTICULAR CLAIMANT — APPEAL BY DEFEATED CLAIMANT — CONTINUANCE OF LITIGATION. — In such a proceeding, where judgment is rendered in favor of a particular claimant, if any other claimant takes an appeal, such appeal continues the litigation until it is determined, so far as he is concerned, but it does not and cannot continue the litigation, nor the cause, with respect to the defeated parties who do not appeal.

ID.—APPEALS BY HOSTILE CLAIMANTS—DISPUTING RIGHT TO APPEAL—DISMISSAL.—If two or more claimants, who are in hostility to each other, each appeal, the litigation between all of them and the successful claimant continues while such appeals are pending.  Each of such appellants may dispute the right of any other person to take an appeal, and may attack the proceeding by which such person has appealed and obtain a dismissal thereof if cause therefor exists.

MOTIONS to dismiss several appeals from a decree of the Superior Court of the City and County of San Francisco establishing heirship and succession to the estate of a deceased person, and from orders refusing a new trial.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

·  Houghton & Houghton, and Sullivan & Sullivan and Theo. J. Roche, for Appellants making the motion.

·  Rothchild, Golden & Rothchild, Edgar D. Peixotto, and Marcus Rosenthal, for Appellants resisting the motion.

SHAW, J.—This is a proceeding under section 1664 of the Code of Civil Procedure to determine the heirship and succession to the estate of Julius Friedman, deceased. Upon the filing of the petition the Hebrew Home for Aged Disabled filed a complaint claiming the entire residue of the estate, in the absence of legal heirs, under a charitable bequest contained in the will of the decedent. Answers were filed by several groups of persons, each group claiming to be heirs and next of kin of the decedent. These groups may be designated as the Kagan claimants, the Grunwaldt claimants, the Bernstein claimants and the Liebe Friedman claimants. Issues were formed, the cause was tried by the court, and a decree given declaring that the decedent died without heirs, and that none of the claimants is or ever was an heir or next of kin of the deceased, and that the Hebrew Home for Aged Disabled was entitled to the entire estate. Each group of claimants above named separately moved for a new trial and the motions were denied. Separate appeals were taken by each of these groups from the decree, and also from the order denying their respective motions for new trial. Each of these groups claims by an asserted kinship to the decedent, wholly distinct from, independent of, and antagonistic to the claims of each and all of the other groups. The Kagan claimants have filed in this court a transcript of the record as required by the rules of this court. None of the other claimants has filed such transcript, and the time for filing the same allowed by the rules has expired. The Kagan claimants move to dismiss the several appeals of the other groups on the ground of the failure to file transcripts in support of their separate appeals.

The Grunwaldt claimants oppose the motion on various grounds, the only one necessary to mention here being their claim that the Kagan claimants have no right to prosecute a motion to dismiss the appeals of the other claimants. If they have that right their case is complete, for the failure of the other groups of appellants to file transcripts within the time prescribed is sufficient ground for the dismissal of the appeal under our rules.

Each person filing a complaint or answer in the proceeding, and setting up title to the whole estate by a distinct line of kinship, is necessarily an actor for himself and against all other persons who also claim the entire estate. His claim is

antagonistic to that of all the others, and the claim of each of the others is antagonistic to him. With respect to every other claimant so alleging an interest, the case stands precisely the same as if the contest was between him and that person alone. "His hand will be against every man, and every man's hand against him." If any claimant does not appeal from a judgment against him, that judgment, at the end of sixty days, becomes final and forever thereafter remains final. Such claimant cannot revive it and no other claimant is further interested in it. If any claimant takes an appeal, such appeal continues the litigation until it is determined, so far as he is concerned and so far as the successful claimant is concerned, but it does not and cannot continue the litigation, nor the cause, with respect to the defeated parties who do not appeal. They are put out of the case by the judgment and must remain out. It must follow from these propositions that if two or more claimants, who are in hostility to each other, each appeal, the litigation between all of them and the successful claimant continues while such appeals are pending. Each appellant is interested primarily in defeating the claims of the successful party and in establishing his own claim, and secondarily in defeating the claim of every other unsuccessful claimant who has kept himself in the litigation by an appeal. As the one thing in controversy, the succession to the estate, is sought by all and is the only thing sought by all or either, it must be that each is the opponent of every other. As was said in *Blythe* v. *Ayres,* 102 Cal. 254, [36 Pac. 522], section 1664 was "intended to provide the means by which, where there are hostile claimants to an estate, *all* the conflicting rights thereto may be summarily and finally determined in one proceeding," and "the alleged right of each party, whether nominally a plaintiff or defendant, is as much before the court for determination as is the alleged right of either of the other parties." It is not correct to say that the judgment declaring that the deceased, Friedman, died without heirs, does not purport to determine the relative rights of the Kagan claimants on the one hand and of the other claimants on the other. Such judgment determines that each unsuccessful claimant is without right. As the claims are wholly separate, this is equivalent to a determination against each appellant, and in favor of every other appellant, in the controversy as be-

tween them. The fact that all are alike put out of the case by the single judgment, does not alter the logical result of the judgment. It must follow that each appellant may dispute the right of any other person to take an appeal, and may attack the proceedings by which such person has appealed and obtain the dismissal thereof if cause therefor exists.

If these views are correct, and we can see no escape from them, it must follow that the Kagan claimants who have taken an appeal from the decree have the right, and a sufficient interest, to move to dismiss any appeal from that decree taken by any other claimant to the estate. They are interested in having each one of the other parties defeated, including the successful party. A dismissal of another appeal is equivalent to an affirmance of the judgment against that appellant. If the Kagan claimants succeed in their appeal and the decree is affirmed with respect to the other claimants taking separate appeals, either by a decision on the merits on such separate appeals or by a dismissal thereof, the result would be that the case would go back to the superior court for a trial *de novo* between the Kagan claimants and the successful claimants only, and all the other parties will be eliminated. The Kagans would thus secure to themselves exemption from further attack upon or attack by the other unsuccessful claimants. The case does not stand precisely in the same position as an ordinary case where the defeat of one necessarily results in a victory for the other. In cases of the kind here presented the defeat of one claimant merely eliminates him from the contest, leaving the others to fight it out to the finish, but none the less, each is an adverse party to the other and is entitled to attack the appeal of the other.

The appeals of the so-called Grunwaldt claimants, the Bernstein claimants, and Liebe Friedman claimants are each dismissed.

Henshaw, J., Lorigan, J., Melvin, J., Sloss, J., and Lawlor, J., concurred.