[Civ. No. 20114. Second Dist., Div. Two. Aug. 19, 1954.]

Estate of HERBERT W. WARD, Deceased. JEAN H. COLEMAN, Appellant, v. ROBERT E. WALKER et al., Respondents.

Spiegel, Turner & Wolfson and Albert A. Spiegel for Appellant.

Carl B. Sturzenacker for Respondent Walker.

McCOMB, J.—From an order decreeing that respondent, Robert E. Walker, is the person entitled to distribution of the estate of Herbert W. Ward, deceased, entered after hearing on appellant's petition for a determination of heirship, appellant (hereinafter referred to as petitioner) appeals.

*Facts*: Herbert W. Ward died intestate on May 14, 1949. His sole heir was his father, James R. Hickman. At the time of his death he owned, among other things, at least a 50 per cent interest in a corporation known as Ward Enterprises, Inc. A suit is now pending in the Superior Court of Los Angeles County to determine the ownership of the other 50 per cent interest. One of the claimants to the remaining 50 per cent interest is the estate of Herbert W. Ward.

In February of 1951, Mr. Hickman assigned all of his right, title and interest in and to the estate of Herbert W. Ward in the State of California to Ward Enterprises, Inc.

In April, 1952, Mr. Hickman for a valuable consideration executed an assignment of his interest in the estate to petitioner. At about the same time Ward Enterprises, Inc., purportedly assigned its interest in the estate of Herbert W. Ward to respondent. January 14, 1953, petitioner filed in the probate court of Los Angeles County a petition for determination of heirship in the estate of Herbert W. Ward, deceased. On March 6, 1953, the petition for determination of heirship was called for hearing and respondent's attorney said: ''I have not filed a petition, so far as Walker is concerned. I expected Reinhaus would take care of this and they have not done so, apparently, and if it does appear notice is necessary before the termination of this proceeding I will then ask the court to file such notice.''

, Thereafter petitioner objected to respondent's being heard for the reason that he had not complied with the provision of section 1080 of the Probate Code by filing a written statement of his interest in the estate. Over petitioner's

objection the probate judge proceeded to hear the matter and enter the decree from which the present appeal is taken.

 *Questions*: First: *Did the probate judge err in taking evidence relative to respondent's claim to decedent's estate because respondent had failed to "file a written statement setting forth his interest in the estate"?*

*Yes.* Section 1080 of the Probate Code reads in part as follows: "When the time to file or present claims against the estate has expired, and a petition for final distribution has not been filed, . . . any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim . . . and praying that the court determine who are entitled to distribution of the estate. . . . Any person may appear and file a written statement setting forth his interest in the estate. No other pleadings are necessary and the allegations of each claimant shall be deemed to be denied by each of the other claimants to the extent that they conflict with any claim of the latter."

 The procedure outlined in the foregoing section is clear. It means exactly what it says; that any person claiming an interest in the estate adversely to the petitioner, in order to have a judicial determination thereof, must file a written statement setting forth his interest in the estate.

Neither counsel has directed our attention to any authorities construing this section since its enactment in 1931. However, prior to the enactment of the present section of the Probate Code, section 1664 of the Code of Civil Procedure had provisions similar to those in the present section 1080 of the Probate Code, and the appellate courts of this state have held that in the absence of the filing of a document setting forth the facts constituting a party's claim to heirship he could not be heard to contest the right of another claimant. (*Blythe* v. *Ayres*, 102 Cal. 254, 260 [36 P. 522]; *O'Day* v. *Superior Court*, 18 Cal.2d 540, 543 [116 P.2d 621].)

In *Blythe* v. *Ayres, supra*, at page 260, our Supreme Court said: "No party has a standing in the trial court unless he has averred 'his claim of heirship,' etc., and has set forth the facts constituting such claim; and he would not be there heard to contest the right of another claimant if he did not set up any right in himself."

Again in *O'Day* v. *Superior Court, supra*, at page 543, it was declared: "Former § 1664 of the Code of Civil Procedure, which was enacted in 1885, and upon which §§ 1080-1082

of the Probate Code are based, outlined a detailed procedure for the conduct of heirship hearings, including provision for notice, appearance, entry of defaults, limitation of time for filing pleadings, appeals, costs, and other matters. Upon enactment of the Probate Code in 1931, most of these detailed items of procedure were omitted from the new §§ 1080-1082. That fact, however, is not indicative of an intention to dispense with these procedural steps in hearings to determine heirship, but rather of an intention that essential matters of procedure not expressly covered by the language of §§ 1080-1082 should be governed by the rules of practice for civil actions contained in the Code of Civil Procedure, made applicable by §§ 1230-1233, *supra*. Other considerations compel that conclusion. . . .

"Such is a proceeding to determine heirship, which is in essence a proceeding *in rem* but also constitutes, to a certain extent, an adversary contest. First of all the claimant to heirship must take affirmative action to establish his own relationship to the decedent and his right, flowing from that relationship, to inherit the estate, the *res*. Second, he may then contest the claims of other alleged heirs in the same or a closer degree of relationship. When conflicting claims are involved the proceeding becomes an adversary one and partakes of the nature of a civil action. (*Estate of Kasson* [141 Cal. 33 (74 P. 436)], *supra*; *Estate of Friedman*, 173 Cal. 411 [160 P. 237].) This dual character was recognized in the Friedman case, which was a proceeding to determine the heirship and succession to the estate of a decedent, where the court said:

" 'Each person filing a complaint or answer in the proceeding, and setting up title to the whole estate by a distinct line of kinship, is necessarily an actor for himself and against all other persons who also claim the entire estate. His claim is antagonistic to that of all the others, and the claim of each of the others is antagonistic to him. With respect to every other claimant so alleging an interest, the case stands precisely the same as if the contest was between him and that person alone. "His hand will be against every man, and every man's hand against him." . . . The case does not stand precisely in the same position as an ordinary case where the defeat of one necessarily results in a victory for the other. In cases of the kind here presented the defeat of one claimant merely eliminates him from the contest, leaving the others to fight it out to the finish, but none the less,

each is an adverse party to the other and is entitled to attack the appeal of the other.' ''

In view of the foregoing authorities which determine that under a statute similar in its wording to section 1080 of the Probate Code, a person had no standing in court unless he had complied with the existing provisions of the code (Code Civ. Proc., § 1664), relative to filing a written claim setting forth the facts in support of his contention, we hold that one seeking to establish claim to heirship must under the provisions of section 1080 of the Probate Code file "a written statement setting forth his interest in the estate."

█ Where legislation is framed in the language of an earlier enactment of the same or an analogous subject which has been judicially construed, there is a strong presumption of an intent to adopt the construction placed on the prior enactment. (*Holmes* v. *McColgan*, 17 Cal.2d 426, 430 [2] [110 P.2d 428]; see also cases cited in 40 West's Cal.Dig. (1951) Statutes, § 223.5(4), p. 604.)

Therefore since respondent did not comply with the requirements of section 1080 of the Probate Code he had no standing before the probate court and not having set up any right or rights in himself, should not have been heard to contest the right of petitioner.

█ The necessity of complying with the requirements of section 1080 of the Probate Code is not merely compelling respondent to meet technical rules. In the absence of a compliance with the provisions of the code there are no issues before the trial court and therefore obviously no issues can properly be presented to an appellate court for the purpose of reviewing the correctness of the trial court's conclusion. A strict observance and compliance with the code provisions tends to (1) expedite the disposition of matters pending in the trial court, (2) more nearly produce justice, and (3) direct a trial and appellate court's attention to the real issues between the parties with the result that all parties are afforded a plain, speedy and adequate hearing upon their claims.

█ Second: *Was the proceeding in the court below in fact not a proceeding pursuant to the provisions of section 1080 of the Probate Code, but rather a request to recognize the validity of an assignment?*

*No.* Respondent contends: "From the statement of the case it appears there is no question about heirship. A petition under Sections 1080 and 1082 of the Code of Civil Procedure

provides the course of procedure to be used when there is a proceeding to determine heirship. In this case there is no proceeding to determine heirship, it is stipulated and agreed that Mr. Hickman was the sole and only heir, this proceeding has nothing to do with the question as to Mr. Hickman's right as an heir, Mrs. Coleman is not seeking any affirmative action here, as a heir of the estate she merely petitioned the court to have her made the person entitled to distribution by virtue of an assignment of the heir's right to a property which the respondent does not in any way dispute, we all agree that Mr. Hickman was the sole heir, Mr. Walker is not claiming any heirship in the estate, it was not necessary for him to file a claim or written statement of his heirship, he was not an heir of the estate, he held an absolute and unrevoked order and assignment from the sole and only heir, therefore there was no requirement on his part to submit any claim in writing of anything else, and so all the authorities quoted do not bear out the contention of the petitioner, and need no reply.''

The foregoing argument is without merit and has been answered contrary to respondent's contention by our Supreme Court in *In re Burton*, 93 Cal. 459, at page 460 [29 P. 36], where it says: ''It is contended by counsel for appellants that section 1664 of the Code of Civil Procedure [now Prob. Code, § 1080] does not authorize the superior court to ascertain and declare the rights or interests of others than the heirs of an intestate, and the devisees and legatees by will; and that one who has purchased the interest of an heir or devisee in the property of an estate, pending the administration, has no right, under that section of the code, to have the interest thus purchased ascertained, declared, or directly distributed to him by the superior court, 'while sitting as a court of probate': 1. Because no such legislative intent is expressed in that section; and 2. Because if such intent is expressed, the section is unconstitutional in that respect.

''1. I think it cannot reasonably be questioned that it was the intention of the legislature, by section 1664 of the Code of Civil Procedure, to provide a mode of proceeding by which *all persons who claim ownership* of or an interest in the property of an estate of a testator or an intestate, whether directly, as heirs and devisees, or indirectly, through the heirs or devisees, may have their respective rights and interests in and to such property conclusively ascertained, determined, and declared, so far at least as the parties before the court are concerned, before distribution is decreed, to the

end that the final distribution of the property may be made directly to the persons respectively entitled thereto; and the language of the section seems to express this intention so clearly that there is no room for construction . . ."

The decree is reversed.

Moore, P. J., and Fox, J., concurred.