[No. A030285. First Dist., Div. Four. June 2, 1986.]

Estate of MARTHA MARIE STEHR, Deceased.
ARTHUR STEHR, Petitioner and Appellant, v.
HARRY B. STEHR, JR., as Executor, etc., et al.,
Objectors and Respondents.

**COUNSEL**

Angelo J. Costanza, Bray, Baldwin, Egan & Breitweiser and Bryce C. Anderson for Petitioner and Appellant.

Calvin T. Goforth for Objectors and Respondents.

**OPINION**

**CHANNELL, J.**—Appellant Arthur Stehr appeals the trial court's dismissal of his petition to determine heirship pursuant to Probate Code section 1080.[1] In what appears to be a case of first impression, he contends that the trial court, sitting in probate, erroneously ruled that it lacked jurisdiction to hear and determine his petition for heirship filed after the filing of the petition for final distribution.

Respondent maintains that the time limit set forth in section 1080 is jurisdictional. Appellant concedes that if respondent has correctly inter-

---

[1]Section 1080 provides, in relevant part: "Anytime after the commencement of the time for filing or presenting claims and *prior to the time a petition for final distribution has been filed,* the executor or administrator, or any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof, may file a petition setting forth his or her claim or reason and praying that the court determine who are entitled to distribution of the estate." (Italics added.)

Unless otherwise indicated, all section references are to the Probate Code.

preted section 1080 no appeal will lie. However, appellant contends that section 1080's time limit is not jurisdictional since (1) statutory time limits are presumed not to be jurisdictional unless expressly stated or clearly intended, and (2) the Legislature has not indicated that the time limit in section 1080 should be jurisdictional. We agree and therefore reverse.

## I. PROCEDURAL FACTS

On June 20, 1984, Martha Marie Stehr died and was survived by two adult children, Harry B. Stehr, Jr., and Ann Louise Wilson (respondents) and one grandson, Arthur Stehr (appellant), also known as Carl Arthur Stehr, Jr., who is the offspring of Martha's deceased third child. On June 25, 1984, Harry filed a petition to probate decedent's holographic will (dated August 16, 1972) and letters testamentary and for authorization to administer the estate. The will left the entire estate to Harry and Ann while failing to mention appellant, who now seeks to share in the estate as a pretermitted heir. (Former § 90; see now § 6570 et seq.) The will was admitted to probate on July 12, 1984, and Harry was appointed executor without bond.

On November 19, 1984, executor Harry filed a petition for final distribution and a hearing was set for December 10, 1984. On November 29, 1984, appellant filed a petition for determination of heirship under section 1080. The executor moved for a judgment on the pleadings on the ground that the trial court lacked jurisdiction since, contrary to section 1080, the filing of the petition for heirship occurred *after* the filing of the petition for distribution. The trial court agreed, noting that "[w]hile the authorities relied on by the executor are not precisely on point, the general tenor of the various cases support the executor's position that this Court has no jurisdiction to determine heirship, unless the moving papers are filed within the statutory time."

Appellant then moved under Code of Civil Procedure section 473 to set aside the order dismissing his petition. This motion was also denied on jurisdictional grounds. Appellant's subsequent letter motion for reconsideration was similarly denied. A timely notice of appeal from the denial of the petition for heirship was filed.[2]

## II. DISCUSSION

■ Contrary to respondent's argument, the legislative histories of section 1080 and its predecessor statute Code of Civil Procedure section 1664 do

---

[2]This is an appealable order. (Code Civ. Proc., § 904.1, subd. (j); Prob. Code, § 1240, subd. (o).)

not indicate a legislative intent to establish jurisdictional time limitations. There have been several significant statutory changes, but they merely reflect an intent to facilitate and expedite the orderly distribution of the estate's assets to those so entitled. Section 1664 of the Code of Civil Procedure (the predecessor statute to section 1080) provided that "any person claiming to be heir to the deceased, or entitled to distribution in whole or in any part of such estate, may, *at any time after the expiration of one year from the issuing of letters testamentary or of administration upon such estate,* file a petition in the matter of such estate, praying the Court to ascertain and declare the rights of all persons to said estate and all interests therein, and to whom distribution thereof should be made." (Stats. 1885, ch. 160, § 1, p. 208, italics added.) These provisions barred *early* filing. (See *Smith* v. *Westerfield* (1891) 88 Cal. 374, 380 [26 P. 206].)

Before 1949, section 1080 read, in relevant part: "When the time to file or present claims against the estate has expired, but the estate is not in a condition to be closed, any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim and praying that the court determine who are entitled to distribution of the estate. The clerk shall set the petition for hearing by the court and give notice thereof for the period and in the manner required by section 1200 of this code." (Stats. 1931, ch. 281, § 1080, p. 657.) Thus, section 1080 in its earlier version seems to have provided for an orderly presentation of claims: *first* creditors, *then* heirs. The 1949 amendment substituted the phrase "and a petition for final distribution has not been filed" for the phrase "but the estate is not in a condition to be closed." (Stats. 1949, ch. 454, § 1, pp. 797-798.) After the 1955 amendment, a petition for heirship determination could be filed after four months had elapsed following the first publication of notice to creditors (see Stats. 1955, ch. 630, § 1, p. 1129), though the 1969 amendment reduced the waiting period from "four" months to "two" months. (Stats. 1969, ch. 124, § 3, p. 271.) The 1970 amendment facilitated heirship filing by eliminating the two-month waiting period and allowed filing "[a]nytime after first publication of notice to creditors." (Stats. 1970, ch. 176, § 1, p. 427.)

Nothing in the statutory language suggests that section 1080 is jurisdictional. California law has generally held that limitations governing when a particular act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed. (See, e.g., *Edwards* v. *Steele* (1979) 25 Cal.3d 406, 410-411 [158 Cal.Rptr. 662, 599 P.2d 1365]; *Garrison* v. *Rourke* (1948) 32 Cal.2d 430, 435-436 [196 P.2d 884], disapproved on another point in *Keane* v. *Smith* (1971) 4 Cal.3d 932, 939 [95 Cal.Rptr. 197, 485 P.2d 261]; *Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1].) In determining legislative intent, courts have

considered whether the consequences of applying a jurisdictional time limit would defeat or promote the purpose of the act. (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 908 [136 Cal.Rptr. 251, 559 P.2d 606]; *Francis* v. *Superior Court* (1935) 3 Cal.2d 19, 27 [43 P.2d 300], cited in *Edwards* v. *Steele, supra,* 25 Cal.3d at p. 410.) Courts have also held that time limitations are merely directory "unless a consequence or penalty is provided for failure to do the act within the time commanded." (*Edwards* v. *Steele, supra,* at pp. 410-411; *Garrison* v. *Rourke, supra,* 32 Cal.2d at pp. 435-436; cf. *County of Los Angeles* v. *Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 63-64 [208 Cal.Rptr. 263]; see also *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 119-121 [65 Cal.Rptr. 315, 436 P.2d 315].)

In *Garrison* v. *Rourke, supra,* 32 Cal.2d 430, for example, the Supreme Court had to decide whether section 8556 of the Elections Code involved a directory or nonjurisdictional time limitation. That section read, in relevant part: "The court shall continue in special session to hear and determine all issues arising in contested elections. *After hearing the proofs and allegations of the parties and within ten days after the submission thereof the court shall file its findings of fact and conclusions of law,* and immediately thereafter shall pronounce judgment in the premises, either confirming or annulling and setting aside the election." (*Id.,* at p. 434, italics added.)

In *Garrison,* the trial court did not file findings of fact and conclusions of law within the 10-day statutory period. However, the Supreme Court held that this failure did not divest the trial court of jurisdiction to determine the issues and enter judgment. The 10-day time limit in Elections Code section 8556 was held to be directory since the statute, despite its mandatory language, did not provide an express consequence or penalty for failure to do the act within the time commanded. Furthermore, the court reasoned that applying a jurisdictional time limitation would prevent trial courts from carrying out the statute's main purpose, i.e., ensuring integrity in the election process.

Section 1080, as presently written, imposes a *variable* time limit which depends entirely upon when the executor files the petition for final distribution. Section 1080 does not provide a penalty or consequence in the event of noncompliance. Unlike sections 380, 384, 700 and 707, section 1080 is not mandatory and not jurisdictional since these aforementioned sections contain explicit provisions prescribing not only *definite* time limits but also the explicit penalties for failing to meet them.[3]

The primary purpose of section 1080 is to establish an orderly procedure for heirs claiming an interest in the estate in order to ensure proper distri-

---

[3]See, e.g., footnote 4, *post.*

bution to those rightfully entitled. (See generally, *Bales* v. *Superior Court* (1942) 21 Cal.2d 17 [129 P.2d 685]; *Estate of Ward* (1954) 127 Cal.App.2d 207 [273 P.2d 601].) To apply a jurisdictional time limit to section 1080 might promote expeditious heirship determinations at the expense of cutting off rightful heirs. This would run counter to the primary legislative concern. Had the Legislature intended the time limit in section 1080 to be jurisdictional, it presumably would have done so as it did in other sections of the Probate Code.

Respondent relies on several cases that do not address whether the time limit set forth in section 1080 is jurisdictional. *Smith* v. *Westerfield, supra,* 88 Cal. 374 simply held the petition for heirship was jurisdictionally defective because it was filed too *early.* In *Estate of Ward, supra,* 127 Cal.App.2d at p. 211, the petition was *never* filed. *Bodine* v. *Superior Court* (1962) 209 Cal.App.2d 354 [26 Cal.Rptr. 260], dealt with whether intervening heirs had a right to a jury trial in an heirship proceeding. The court held that an heirship proceeding must be decided in a single action and cannot be subject to severance. Section 1080 was not even discussed. Finally, *Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355 [115 Cal.Rptr. 783, 525 P.2d 687], did not involve section 1080 but involved the creditor claims statute (§ 700 et seq.) which contains a definite time limit and an express penalty for noncompliance.[4]

We reverse the trial court's order holding no jurisdiction to entertain the petition to determine heirship.

Anderson, P. J., and Sabraw, J., concurred.

---

[4]Section 700, as it read at the time of *Nathanson,* provided in relevant part: "The executor or administrator, promptly after letters are issued, must cause to be published in some newspaper published in the county . . . a notice to the creditors of the decedent, requiring all persons having claims against the decedent to file them . . . *within four months* after the first publication of the notice." (Italics added.) Section 707(a) provided that "all claims arising upon contract, whether they are due, not due, or contingent . . . must be filed or presented within the time limited in the notice . . . *and any claim not so filed or presented is barred forever* . . ." (Italics added.) Although these sections have since been amended (see Stats. 1977, ch. 217, § 2, p. 744; Stats. 1979, ch. 731, § 14, pp. 2559-2560; Stats. 1979, ch. 731, § 17, p. 2560), these changes do not affect our analysis.