230 Cal.App.2d 449 (1964)
Estate of SARAH D. McNEILL, Deceased. MARGARET HURST LOONEY, Claimant and Appellant,
v.
THE SAN FRANCISCO SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS et al., Claimants and Respondents.
Civ. No. 28228. 
California Court of Appeals. Second Dist., Div. Two. 
Nov. 4, 1964.
 McGurl & Todd, Robert C. Todd, Peter V. Shackter and Rutan & Tucker for Claimant and Appellant.
 McCutchen, Black, Verleger & Shea, Harold A. Black, James K. Herbert, Raymond B. Haizlip, Knapp, Gill, Hibbert & Stevens and B. Richard Marsh for Claimants and Respondents.
 KINCAID, J. pro tem. [fn. *]
 Appellant appeals from an adverse judgment on a petition to determine heirship brought by her pursuant to Probate Code, section 1080.
 The decedent, Sarah D. McNeill, died on April 7, 1962, leaving an estate which inventories at some $350,000.
 Her will, dated February 27, 1959, left certain specific legacies which are not in dispute. Included in the legacies was one of $2,000 to Mrs. William E. Riser (Riser), to whom was entrusted the care of two dogs, and one of $1,000 to Helen M. Iversen (Iversen), to whom was entrusted the care of a cat.
 The will then provided that the residue of the estate should be divided into three shares: two shares to be distributed to Riser, in trust, and one share to Iverson, in trust. The net income from the trust estates is to be added to the principal to form a common fund from which each of the trustees is authorized to withdraw $25 per week for each pet entrusted to her, to be used for their care, maintenance and comfort. If said sums prove to be insufficient to provide for the reasonable care of the animals, the trustees are authorized to use so much more as in their discretion should be necessary for the purpose. On the other hand, should the stipulated stipend be more than adequate, the trustees are to retain the surplus in consideration of their services.
 The residue represented by the three shares was given to the trustees for the lives of the animals, respectively. The will states "The primary purpose of this Trust is to see that each of said pets is adequately cared for, given proper veterinary *451 attention and given a decent burial at the time of their death." The will further provides that upon the death of each of the three animals, the respective trusts shall terminate and the trustees shall forthwith distribute the remainder to the Society for the Prevention of Cruelty to Animals, one-half to the Los Angeles branch and one-half to the San Francisco branch.
 At the hearing on the petition the essential facts were stipulated, including that the cat theretofore had died on February 14, 1963. All the matters herein represented were argued as questions of law. The minute order of the court provides "Entire estate passes under will to beneficiaries named except attempted residuary trust is void and entire residue available for distribution passes outright 1/2 to San Francisco Society for Prevention of Cruelty to Animals and 1/2 to Los Angeles Society for Prevention of Cruelty to Animals. Findings waived in open court. Counsel for Margaret Hurst Looney to prepare order hereon." A judgment based on the order followed.
 Riser and Iverson did not appeal nor did the respondent Societies. Appellant Looney, the substitutionary beneficiary, is the only appellant. The judgment is now final as to the rights of those parties who are not parties to the appeal. (Estate of Friedman, 173 Cal. 411, 413 [160 P. 237].)
 The Societies point out that appellant is entitled to take only if the gifts to the residual beneficiaries fail because of their charitable nature. The will does not provide that if for any reason the residual gifts are invalid the residue shall go to appellant. It provides "If by reason of any provision of law, limiting, restricting or invalidating gifts to charity, all or any portion of the bequests herein made to charity are determined to be invalid, such bequests or the invalidated portion thereof shall go to my friend, Margaret Looney. ..."
 As the sole appealing party appellant concedes the correctness of that portion of the judgment holding void the attempted residuary trusts to Riser and Iversen. We therefore need not further consider this issue. She challenges, however, the portion finding that the Societies are entitled to the entire residue of the estate forthwith, one-half to each, and contends that the true nature of the interests of the Societies under the will is a fee after a fee, which will vest only outside the period of the rule against perpetuities, and is therefore void for remoteness. That, the gifts in favor of the animals and the Societies being invalid, appellant is entitled to the residue of the estate. *452
 The rule against perpetuities, in effect at all times here in question, is set forth in section 715.2, Civil Code. The amendments enacted by the Legislature in 1963 adding section 715.5 to section 715.8 inclusive, do not apply to the instant case but disclose a legislative intent that section 715.2 be liberally construed. (Wong v. Di Grazia, 60 Cal.2d 525, 531 [35 Cal.Rptr. 241, 386 P.2d 817].)
 [1a] The Societies contend, and we agree, that even if the trusts for the benefit of the animals are invalid, the remainder interests of the Societies are valid, vested and presently ready for distribution under the rule on acceleration of remainders.
 [2] It is a well-settled rule that a will must be construed so as to give effect as much as possible to the manifest intent of the testatrix. (Prob. Code, 101; Estate of Wilson, 184 Cal. 63 [193 P. 581]; Estate of Lawrence, 17 Cal.2d 1 [108 P.2d 893].)
 The will herein clearly discloses that, while the decedent was primarily concerned with the care of her three pets during their limited lifetimes, her intention was that the bulk of her sizable estate should vest in the two Societies permanently dedicated to the care of all animals. She could not reasonably have intended that a gift of more than $300,000 to two organizations dedicated to the care of all animals was intended to be dependent upon the validity of a $25 per week stipend to two friends for the care of her three pets.
 It is inconceivable that the decedent could have contemplated that, if the provisions for her pets were invalid, the Societies should also be deprived of their gifts. If the animals had predeceased the decedent, there would be no question of her intent to have the Societies take the remainder of her estate immediately upon her death.
 The Societies are regularly incorporated and functioning charitable organizations. [3] " 'Courts look with favor upon all attempted charitable donations, and will endeavor to carry them into effect if it can be done consistently with the rules of law. A bequest intended as a charity is not void, and there is no authority to construe it to be legally void, if it can possibly be made good.' [Citations.] ... [4] It is the policy of the law to favor gifts for charitable purposes, and a will providing such gifts will be liberally construed in order to accomplish the intent of the donor." (Estate of Tarrant, 38 Cal.2d 42, 46 [237 P.2d 505, 28 A.L.R.2d 419].)
 [5] The remainder created by the will in the respondent Societies is a vested remainder. (Estate of Stanford, 49 Cal. *453 2d 120, 125 [315 P.2d 681]; Estate of O'Connor, 158 Cal.App.2d 187, 195 [322 P.2d 616].)
 [1b] The trust provisions in favor of Riser and Iversen having been found to be invalid, it is our duty to liberally construe section 715.2, Civil Code (Wong v. Di Grazia, supra, 60 Cal.2d 525, 531) and the charitable bequest of the remainder of the estate to the Societies so as to accomplish the intent of the decedent herein if legally possible. Under such circumstances the rule of acceleration of remainders is applicable.
 [6] This rule is well stated in 96 Corpus Juris Secundum, Wills, section 1051, page 682:
 "Where it is in accordance with the testator's intention, remainders following invalid trust provisions may be accelerated, but remainders will not be accelerated where to do so would violate the intention of the testator. If the remainder following a void provision of a testamentary trust is indefeasibly vested, it may be accelerated and the specified remainderman will take on deletion of the void provision, but if the remainder is not so vested, or where it is contingent or uncertain, it cannot be accelerated and will pass as intestate property or fall into the residuary." (See Wachovia Bank & Trust Co. v. McEwen (1954) 241 N.C. 166 [84 S.E.2d 642]; Walter v. Thielke (1940) 127 N.J.Eq. 402 [13 A.2d 649]; Loomis v. Laramie (1938) 286 Mich. 707 [282 N.W. 876]; In re Mill's Estate (Surr. 1952) 111 N.Y.S.2d 622; Sipe v. Merchants Trust Co. (1941) 109 Ind.App. 566 [34 N.E.2d 968].)
 In each of the above cases, the court was presented with a bequest involving a void or renounced present interest followed by an otherwise valid vested remainder which was accelerated to a present interest. In re Mill's Estate involved a bequest virtually identical to the one now under examination. There the testator had bequeathed a sum of money in trust to be used for the care of her pets with a remainder over to the New York Women's League for Animals. After finding the trust void under New York law, the court held with respect to the remainder as follows:
 "The intended remainder to the New York Women's League for Animals may nevertheless be given effect after the excision of the invalid trust. [Citations.] Said remainder was intended to be vested in interest absolutely at the death of the testatrix with only the time of enjoyment postponed. Its gift was in no way conditional upon its caring for testatrix' pets. Her expressed preference that it be entrusted *454 with their care was merely precatory. Although her intention to provide for her pet animals has been frustrated, she also intended to benefit the named charity to the extent of the principal of the fund, whatever it might be, and that intention may be given effect. If she had left no pets alive at her death the result would be the same. The failure of the intermediate estate does not impair the validity of the remainder."
 [1c] Here it was the clear intention of Mrs. McNeill that the remainder of her estate was intended to be vested in interest absolutely at her death with only the time of enjoyment postponed until the death of each pet. Since the trust provisions that caused the postponement of the time of enjoyment of the vested remainder have been found to be invalid, such remainder is accelerated to a present interest.
 The early California cases relied upon by appellant as rejecting the rule on acceleration of vested remainders dealt primarily with statutes that have since been repealed or amended. (Civ. Code, 715, 716, 771, 857.) These cases (In re Walkerly (1895) 108 Cal. 627 [41 P. 772, 49 Am.St.Rep. 97]; Estate of Heberle (1908) 153 Cal. 275 [95 P. 41]) stand for the former rule that a future interest which by any possibility may suspend the power of alienation beyond the permissible period was void. The remaindermen there failed to take because their succeeding interests were void under the former rule and not because the rule on acceleration of remainders was rejected.
 The California rule against perpetuities in effect at the time here applicable is found in sections 715.2 and 716, Civil Code. Section 715.2 was not enacted until 1951. Section 716 was amended in 1959 so as to delete references to the rule prohibiting suspension of absolute power of alienation for a period longer than that formerly prescribed in repealed section 715.1, Civil Code. (Caffroy v. Fremlin, 198 Cal.App.2d 176, 181 [17 Cal.Rptr. 668].)
 The judgment is affirmed.
 Roth, P. J., and Herndon, J., concurred.
NOTES
[fn. *] *. Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.